**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EVELYN LARA,

        Plaintiff,

     v.

UNUM INSURANCE COMPANY OF
AMERICA,

        Defendant.

Civil Action No.:  2:26-cv-02020-JXN-CF

**JOINT PROPOSED DISCOVERY PLAN**

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Richard Frankel**
**Bross & Frankel, PA**
**725 Kenilworth Ave**
**Tel: 856-795-8880**
**Fax: 856-234-4848**
*Counsel for Plaintiff*

**Alnisa Bell**
**Seyfarth Shaw LLP**
**620 Eighth Avenue**
**Tel: 212-218-5532**
**Fax: 212-218-5526**
*Counsel for Defendant*

**Matt Clabots (admitted *pro hac vice*)**
**Seyfarth Shaw LLP**
**233 S. Wacker Drive, Suite 8000**
**Chicago, IL 60606-6448**
**Tel: 312-460-5329**
**Fax: 312-460-7000**
*Counsel for Defendant*

2.    Set forth a brief description of the case, including the causes of action and defenses asserted.

    <u>**Plaintiff's Contentions:**</u> Plaintiff brings this action in appeal of the termination of long-term disability benefits by the Defendant.  Plaintiff became disabled in October of 2021 secondary to multiple medical impairments including but not limited to chronic pancreatitis with severe abdominal pain, frequent loose stools with leakage, joint pain, non-cirrhotic portal vein hypertension, esophageal varices, obstructive sleep apnea, inflammatory arthritis, and fibromyalgia.  The Plaintiff applied for long-term disability benefits from the Defendant, which initially denied her claim in June of 2022.  The Plaintiff appealed and the Defendant reversed its decision and approved Plaintiff's claim for benefits by letter, dated September 25, 2023.  Thereafter, Defendant terminated

1

Plaintiff's benefits by letter, dated January 31, 2025.  Plaintiff asserts that Defendant's termination was, in fact arbitrary as it was based on a change in opinion without any intervening evidence of an improvement or change in the Plaintiff's functioning. Specifically, in its initial termination letter, the Defendant determined that the Plaintiff could return to her own occupation, and specifically cited to psychiatric impairment, a condition not considered in the initial award of benefits, or applicable beyond the 24-month mental impairment limitation, which had already passed and would not be applicable to a consideration of ongoing disability.  Further, while the Plaintiff's need for frequent access to a restroom secondary to her documented gastrointestinal conditions previously factored into the approval of benefits, and the Defendant's own vocational review in the termination letter conceding that "travel around the hospital is material and substantial to the occupation, one would not always have readily available restroom access, [and] there would be circumstance. . . where the insured would not be able to easily adjourn to use the restroom at will," these limitations were omitted from explicit consideration.  Instead, the focus of the termination was nearly fully based on a review of the Plaintiff's mental health, which did not form the basis of her prior approval and held limited probative value to ongoing benefits.

During the administrative appeal, the Plaintiff responded in detail to the termination, providing objective evidence and opinions from five examining and treating physicians, including board-certified specialists, and directly rebutting the non-examining conclusions of Dr. Lundquist who provided the only negative opinions relevant to the Plaintiff's conditions.  Of note, Dr. Lundquist relied in part on a purported telephone call from the Plaintiff's treating gastroenterologist that contradicted the doctor's own prior written statements.  That provider signed a certification disputing the content of that call and again restating his written opinion.  However, for each response, Dr. Lundquist altered the reasoning for his opinion and continued to find that the Plaintiff had no restrictions or limitations of any kind.  At every step, UNUM's reliance on this one non-examining reviewer who found no restrictions or limitations of any kind in contrast to UNUM's earlier determination and the opinions of every treating or examining provider of record is arbitrary and capricious.  This is particularly clear in the absence of any evidence of improvement or material change to support the difference in opinion, the choice not to seek an examination of its own, or even to obtain a second opinion beyond that of Dr. Lundquist as to the Plaintiff's non-psychiatric conditions.

**Defendant's Contentions:** This case concerns Plaintiff's claim for long-term disability ("LTD") benefits under an employee benefit plan sponsored by Plaintiff's employer, Prospect Medical Holdings (the "Plan"). The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. Defendant, Unum Life Insurance Company of America ("Unum"), is the insurer and claims administrator determining and paying claims for benefits under the Plan.

Plaintiff is a 56-year old former Director of Patient Access (sedentary occupation) who stopped working on October 19, 2021, at which time, she filed a claim for LTD benefits due to alleged pancreatitis, irritable bowel syndrome (IBS), abdominal pain, loose stool, fibromyalgia, osteoarthritis, depression, and memory issues. Unum approved, and paid, the LTD claim from April 17, 2022 to January 31, 2025. Unum terminated LTD benefits

2

because it concluded Plaintiff was no longer prevented from performing her usual occupation. Unum relied on independent medical reviews by Dr. Nicholas Litwin, DO (board certified in internal medicine), Dr. Stuart Shipko, MD (board certified psychiatrist), and Dr. Truc-VI Duong, MD (board certified psychiatrist).

Plaintiff appealed once through counsel, and Unum upheld its decision, relying on an independent medical reviews by Dr. David Yuppa, MD (board certified psychiatrist) and Dr. Matthew Lundquist, MD (board certified in occupational medicine).

Because this case is governed by ERISA and the applicable plan grants discretion to Unum, Unum's decision to terminate benefits should be reviewed for an abuse of discretion, based solely on the content of the Administrative Record. Unum maintains that no discovery beyond the Administrative Record of Plaintiff's claim is appropriate or admissible in this case.

Unum's decision to terminate Plaintiff's claim for benefits was neither arbitrary nor capricious, based on the evidence submitted by Plaintiff and considered by Unum. Accordingly, Unum's decision to terminate Plaintiff's claim should thus be affirmed.

3.  Have settlement discussions taken place?  Yes __**X**__    No. _____

(a)  What was plaintiff's last demand?

(1) Monetary demand: $_____

(2) Non-monetary demand: _____

(b) What was defendant's last offer?

(1) Monetary offer: _____

(2) Non-monetary offer: _____

**The parties can discuss the nature of these discussions confidentially with the Court.**

4.  The parties [have __**X**__ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5.  The parties [have _____ have not __**X**__] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor. **The parties agree that, because this case concerns a claim for benefits pursuant to ERISA, they are exempt from the disclosure requirements of Rule 26(a)(1).  Fed. R. Civ. P. (a)(1)(B)(i).  In lieu of Initial Disclosures, Unum will produce a bates-labeled copy of the Administrative Record to Plaintiff's counsel on or before June 30, 2026.**

6.  Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **The claim file in this matter is voluminous, totaling over 7,000 pages, and as such, Unum requests until June 30, 2026 to review the record for**

**privileged information before production to Plaintiff.** *See also* **parties' response to #5 (above).**

7.      The parties [have _____ have not ___**X**___] filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

8.      The parties [have _____ have not ___**X**___] conducted discovery other than the above disclosures.  If so, describe.

**Plaintiff's Position:** Plaintiff seeks limited discovery into the compensation structure for Defendant's employees and third-party medical consultants involved in the Plaintiff's claim.  Specifically, Plaintiff seeks limited discovery related to compensation and incentives whether formal or informal as it relates to any employee or contractor directly involved in some aspect of Plaintiff's claim.  Specific to Dr. Lundquist, discovery related to the above and discovery specifically related to potential bias, inclusive of compensation, referral volume and other targeted discovery reasonably related to this scope.

To the extent the file produced does not contain the same, Plaintiff will seek the Administrative record be properly supplemented with any internal processes for claim review, along with the structure for review and supervision, processes for how evidence is considered internally and who ultimately determines what evidence to credit or reject, as well as the supervision of those decisions.  This information should be considered part of the administrative record, and unlike the Plaintiff's other limited discovery may be produced along with the claims file.  Discovery as to this information is only necessary to the extent it is redacted by the Defendant.

**Defendant's Position:**  Because this lawsuit involves solely a claim for benefits pursuant to ERISA, discovery is limited to the Administrative Record, and no discovery beyond the Administrative Record of Plaintiff's claim is appropriate or admissible in this case. Among other reasons for this contention, the Administrative Record in this case is fully developed and Plaintiff had many opportunities to submit evidence in support of her claim. As such, Defendant opposes any discovery beyond the Administrative Record and is prepared to brief the appropriateness of any discovery requested by Plaintiff.

Unum will produce a bates-labeled copy of the Administrative Record to Plaintiff's counsel on or before June 30, 2026.

9.      Proposed joint discovery plan:

(a)  Discovery is needed on the following subjects: **N/A**

(b)  Discovery [should _____ should not __**X**___] be conducted in phases or be limited to particular issues.  Explain. **(*See* parties' positions in response to #8). Plaintiff proposes that, to the extent Defendant demands briefing on her narrow discovery, any schedule be set following the initial conference in this matter and consistent with the parties' efforts at an early resolution. Defendant opposes any**

**discovery beyond the Administrative Record and is prepared to brief the appropriateness of any discovery requested by Plaintiff.**

(c) Proposed Schedule:

(1) Fed. R. Civ. P. 26 Disclosures by **N/A. In lieu of Initial Disclosures, Unum will serve the Administrative Record on or before June 30, 2026.**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) to be held by **N/A.**

(3)  Service of initial written discovery by **N/A.**

(4) Maximum of Interrogatories by each party to each other party. **N/A.**

(5) Maximum of depositions to be taken by each party. **N/A.**

(6) Motions to amend or to add parties to be filed by **N/A.**

(7) Factual discovery to be completed by **N/A.**

(8) Plaintiff's expert report due on **N/A.**

(9) Defendant's expert report due on **N/A.**

(10) Expert discovery, including all expert depositions, to be completed by **N/A.**

(11) Dispositive motions to be served **on a later date to be decided by the Court. The parties agree that this case should be decided on cross-motions for judgment on the Administrative Record. Plaintiff additionally includes any discovery ultimately permitted and subsequently admitted as part of the record. Defendant opposes any discovery beyond the Administrative Record and is prepared to brief the appropriateness of any discovery requested by Plaintiff**

(12) Set forth any special discovery mechanism or procedure requested. **N/A.**

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes \_\_\_\_\_ No __**X**\_\_\_.

If so, please explain.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes \_\_\_\_\_ No. __**X**\_\_

If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12.    Do you anticipate entry of a Discovery Confidentiality Order?  <u>See</u> L. Civ. R. 5.3(b) and Appendix S. **The parties do not see the need for a Discovery Confidentiality Order at this time.**

13.    Do you anticipate any discovery problem(s) not listed above?  Describe.

Yes __.____   No.  __**X**___

**As noted in response to #8 above, the parties do not agree as to the scope of discovery.**

14.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **No. Should the parties require a settlement conference, they will notify the Court at the appropriate time.**

15.    Is this case appropriate for bifurcation?  Yes _____  No.  __**X**___

16.    An interim status/settlement conference (with clients in attendance) should be held **on a future date that is convenient for the Court. Should the parties require a settlement conference, they will notify the Court at the appropriate time.**

17.    We [do ___  do not  __**X**___ ] consent to the trial being conducted by a Magistrate Judge.

18.    Identify any other issues to address at the Rule 16 Scheduling Conference. **N/A.**

DATED: June 8, 2026

BROSS & FRANKEL, P.A.                       SEYFARTH SHAW LLP

*/s/Richard L Frankel*                       */s/ Alnisa Bell*
Richard Frankel                              Alnisa Bell
Bross & Frankel, PA                          Seyfarth Shaw LLP
725 Kenilworth Ave                           620 Eighth Avenue
Cherry Hill, NJ 08002                        New York, New York  10018
Tel: 856-795-8800                            Tel: (212) 218-5500
Fax: 856-234-4848                            Fax: (212) 218-5526
Email: rich@brossfrankel.com                 Email: abell@seyfarth.com
*Counsel for Plaintiff*                       *Counsel for Defendant*